

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

"IN ADMIRALTY"

IN THE MATTER OF:  CASE NO: 8:02 CV 1856-T-
                           23 TGW

Complaint of FREEDOM BOAT CLUB, INC.,
a Florida corporation, as owner of the Vessel
*Sun Seeker,*" bearing Serial No.: WJ1R006L697,
its tackle, appurtenances, etc., in a cause of
Exoneration From or Limitation of
Liability,

                Petitioner.

_____/

## MEMORANDUM IN SUPPORT OF *CONCURSUS* AND PROCEDURE FOR COURT TO ISSUE NOTICE AND MONITION (LIMITATION/EXONERATION OF LIABILITY)

On October 10, 2002, the Petitioner, FREEDOM BOAT CLUB, INC. {"FREEDOM"}, filed its Complaint for Exoneration From or Limitation of Liability (*"Concursus"*) within six (6) months of its first written notice of claim, resulting from the Notice provided from Jeffrey Luhrsen on behalf of the Debra Radford, dated August 22, 2002, a redacted copy of which is attached hereto as Exhibit "1."

Pursuant to 46 U.S.C. §181-189 (The Limitation of Vessel Owner's Liability Act, passed in 1851) an owner of a vessel is permitted to limit its liability to the extent of its financial interest in the vessel at the end of the voyage, enabling the owner to shelter itself from unlimited liability for the consequences of maritime accidents and disasters, unless the loss was caused by the vessel

SARNOFF & BAYER
3000 SHIPPING AVENUE, COCONUT GROVE, FLORIDA 33133 • TEL (305) 441-5966 • FAX (305) 441-5977

owner's own personal neglect or fault. See, e.g. <u>Complaint of the Three Buoys Houseboat Vacations, U.S.A., Ltd.</u>, 878 F.2d 1096 (8th Cir. 1989).

46 U.S.C. §183 specifically provides that an owner can limit its liability for personal injury *"done...or received without the privity and knowledge of such owner"* to the value of the interest of such owner in the vessel at the end of the voyage. 46 U.S.C. §185 permits an owner to file a Petition for Limitation in the United States District Court within six (6) months of receiving written notice of claim.

## FACTS

Ms. Radford is a member of FREEDOM BOAT CLUB INC., a Florida corporation, which allows its members to operate for pleasure, boats in and around the Sarasota, Florida area.

Purportedly, Debra Radford suffered injuries as a passenger on or about April 8, 2001, on the motor vessel *"Sunseeker"* Serial No. WJ1R006L697, when the boat hit a wave causing Radford to bounce into the air and upon landing back down, injured her back. FREEDOM was unaware of this claim, which went unwitnessed and unreported. FREEDOM was merely the owner of the vessel, it was either operated by Radford as a member of FREEDOM or her partner, Sandy Swan, equally a member. (¶8 of Complaint for Exoneration From or Limitation of Liability filed on October 10, 2002). The first notice of any incident in this matter is Mr. Luhrsen's notice of claim on August 22, 2002.

## PROCEDURES FOR LIMITATION

Supplemental Admiralty Rule F of the Federal Rules of Civil Procedure, establishes procedures for a limitation action brought in Federal Court pursuant to 46 U.S.C. App. §185, Supp., section (1) of the Rule requires that the owner deposit with the court, for the benefit of claimants, an

2

amount equal to his interest in the vessel, or approved security therefore. The posting of security in a limitation action need not be made simultaneously with the filing of the limitation complaint; posting of inadequate security or not posting security within six (6) months of written claim are not jurisdictional defects in limitation actions.  Black Diamond S. S. Corp. v. Robert Stewart & Sons Ltd., 336 U.S. 386 (1940); In Re Guey, 46 F.3d 478 (5th Cir. 1995).

## FORUM FOR LIMITATION ACTIONS

Supplemental Admiralty Rule F(9), Federal Rules of Civil Procedure, provides venue for a limitation action in any district in which the vessel may be, but if the vessel is not within any district and no suit has been commenced in any district.

## MIDDLE DISTRICT OF FLORIDA
## LOCAL ADMIRALTY AND MARITIME RULES

Local Admiralty and Maritime Rule 7.06 (Actions to Limit Liability), section (a), provides:

> *Immediately upon the commencement of an action to limit liability pursuant to Supplemental Rule F, plaintiff shall, without further order of the court, effect publication of the notice in accordance with the provisions set forth in Supplemental Rule F(4) and Local Admiralty and Maritime Rule 7.01(g).*

Local Admiralty and Maritime Rule 7.01(g) provides:

> *. . .whenever notice is required to be published by any Statute of the United States, or by any Supplemental Rule or Local Admiralty Rule, such notice shall be published at least once, without further order of the court, in an approved newspaper in the county or counties where the vessel or property was located. . .*

3

## DISCUSSION

### The Notice of Complaint for Exoneration From or Limitation of Liability

The Notice of Complaint for Exoneration From or Limitation of Liability (hereinafter referred to as "Notice"), provided by FREEDOM BOAT CLUB, INC., drafts the local practice found in Local Admiralty and Maritime Rules 7.06 and 7.01, as well as Federal Rule F(4) and Supplemental Rules for Certain Admiralty and Maritime Claims.

The date upon which all respective persons or corporations, in respect to which the petition seeks limitation or exoneration to file their respective claims with the Clerk of the Court is left blank. Local Admiralty and Maritime Rule 7.06 does not specify a date unto which person or persons or corporations are required to file their claims.

Pursuant to Supplemental Rule F(4), Federal Rules of Civil Procedure, the *"court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of court and to serve on the attorney for the plaintiff a copy thereof on or before a date to be named in the notice. The date so fixed shall not be less than 30 days after the issuance of the notice."* Herein lies the problem; for counsel to serve Notice he must arbitrarily pick a date, which according to the Rule cannot be less than 30 days, but does not affix the time frame. Counsel for Petitioner has unilaterally selected December 30, 2002 (providing 3 months to accomplish service of process and publication).

If the Court were to execute the Notice and state the time frame for all persons or corporations to file their response, the Petitioner can publish pursuant to Supplemental Rule 7.06(a) and 7.01(g).

If this Court were to presently issue the Notice, the added expense of publication, once the

4

Court provided the date, would necessarily need not occur. If the Court presently would provide the date upon which all claims must be filed or accept Petitioner's date of December 30, 2002, the Petitioner would immediately publish for the time prescribed in Supplemental Rule 7.01 and 7.06, the date all claimants must respond, as ordered by this Court.

### CONCLUSION

For the foregoing reasons this Court should execute the Notice, placing a date of not less than 30 days for all persons to assert claims.

WE HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 10th day of October, 2002, to Jeffrey Luhrsen, Esquire, Suite 2, 200 S. Washington Boulevard, Sarasota, Florida 34236.

Respectfully submitted,

SARNOFF & BAYER
Attorneys for Petitioner
3000 Shipping Avenue
Coconut Grove, Florida 33133
(305) 441-5966, Telephone
(305) 441-5977 - Facsimile

BY: _____
Marc David Sarnoff
FBN: 607924

5

**EXHIBIT "1'**



# LUHRSEN & ASSOCIATES, P.A.
## *INJURY ATTORNEYS*
*"If you have a phone, you have a lawyer"*

| | **PRINCIPAL OFFICE** | **LAKELAND OFFICE** |
|---|---|---|
| JEFFREY A. LUHRSEN, ESQUIRE† | 200 S. WASHINGTON BOULEVARD | 500 S. FLORIDA AVENUE |
| JULIE S. LUHRSEN, ESQUIRE§ | SUITE 2 | SUITE 627 |
| FRANK J. CURRIE, ESQUIRE* | SARASOTA, FLORIDA 34236 | LAKELAND, FLORIDA 33801 |
| ANTHONY D. BARAK, ESQUIRE | (941) 957-HURT | (863) 687-HURT |
| †ALSO LICENSED IN VIRGINIA | FACSIMILE (941) 957-0603 | FACSIMILE (863) 686-1412 |
| §ALSO LICENSED IN NO. CAROLINA | WWW.LUHRSEN.COM | |
| *BOARD CERTIFIED CIVIL TRIAL LAWYER | | |

Reply to: Sarasota

Thursday, August 22, 2002


Mr. Marc Sarnoff
2nd Floor
3000 Shipping Avenue
Coconut Grove, FL  33133

    Re:    Radford, Debra v. Freedom Boat Club

Dear Mr. Sarnoff:

As you may recall, we represent Debra Radford regarding injuries sustained in a boating accident on 4/8/01. Enclosed you will find records regarding Ms. Radford's injuries, her medical treatment and the expenses incurred for such treatment.

Ms. Radford was the passenger of a boat owned by Freedom Boat Club and while boating, the boat hit a strong wave, causing Ms. Radford to bounce up into the air and upon landing back down, she injured her lumbar spine.

In reviewing all of the information I have submitted, it is readily apparent that Debra Radford has suffered severe and permanent injuries because of the above mentioned accident.

Please advise as soon as possible concerning your position in this case.

Otherwise, we will have to institute the appropriate court action. In no event will we wait longer than 30 days <u>from the date of this letter</u> to resolve this matter within the policy limits.

Very truly yours,

Jeffrey M. Luhrsen, Esq.
Attorney at Law
SIGNED IN ABSENCE TO AVOID DELAY

Enclosures:  See Appendix